```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              JACKSONVILLE DIVISION
```

DARYL CORTEZ BLACK,

        Plaintiff,

v.                            Case No. 3:20-cv-760-J-39PDB

GEORGE EMANOILIDIS, et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Daryl Cortez Black, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) with an exhibit (Doc. 1-1; Compl. Ex.). Plaintiff moves to proceed as a pauper (Doc. 2). Additionally, Plaintiff recently submitted a proposed order to show cause why a preliminary injunction or temporary restraining order should not issue against Defendants (Doc. 5), though he has not filed a motion for injunctive relief.

In his complaint, Plaintiff names as Defendants G. Emanoilidis, the director of psychiatric services at Florida State Prison (FSP); G. Espino, the medical director at FSP; and Michelle Schonest, an employee who apparently handles inmate grievances. Plaintiff asserts Defendants have "failed to honor, uphold, and adhere to" provisions of the Florida Administrative Code (FAC) and

Florida Statutes related to the provision of mental health care for inmates. See Compl. at 4.

Plaintiff does not contend he has been denied mental health care. Rather, he says FSP is ill-equipped to provide proper care for inmates with mental health issues because it is a close management institution. Id. at 6; Compl. Ex. at 2, 4, 9. In a grievance Plaintiff submitted on February 12, 2020, requesting a transfer, he complained, "[FSP] is a[] close management prison and it's the most strict, oppressive, and isolated prison in Florida; all of the above are harmful to the mentally disordered [sic] and make[] the disorders wors[e]." See Compl. Ex. at 9.[1]

Plaintiff asserts Defendants have denied him substantive due process in violation of the Fourteenth Amendment and have subjected him to cruel and unusual punishment in violation of the Eighth Amendment. See Compl. at 3. He seeks damages and injunctive relief, including transfer to an institution that would be better equipped to meet his mental health needs. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is

---

[1] Plaintiff also alleges a security staff person brutally beat him on February 1, 2019. See Compl. at 5. However, he does not assert an excessive force claim based on this incident, nor does he name the individual who allegedly beat him as a Defendant. It appears he includes this allegation to show why he is afraid to leave his cell to attend scheduled therapy sessions. See Compl. Ex. at 5, 15.

2

frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

A court must liberally construe a pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does

not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because, even under a liberal construction, he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

First, Plaintiff's allegation that he was denied substantive due process is conclusory and devoid of factual support. Moreover, to the extent Plaintiff's substantive due process claim is based on the alleged denial of adequate mental health treatment, such a claim is redundant of the Eighth Amendment claim he seeks to assert. When a constitutional amendment "provides an explicit textual source of constitutional protection," that amendment guides the analysis, "not the more generalized notion of 'substantive due process.'" Graham v. Connor, 490 U.S. 386, 395 (1989). See also Whitley v. Albers, 475 U.S. 312, 327 (1986) (holding the due process clause provides no greater

4

protection than does the Eighth Amendment's cruel and unusual punishment clause).

Second, Plaintiff fails to state a claim under the Eighth Amendment. To state a claim that his conditions of confinement violated the Eighth Amendment, a prisoner must allege the defendant was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id.

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th

5

Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Bingham, 654 F.3d at 1175 (recognizing not every claim by a prisoner of inadequate medical care is a violation of the Eighth Amendment). For instance, alleging a "simple difference in medical opinion" does not state a deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007). Rather, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991 (internal quotation marks omitted)).

Plaintiff's self-serving, conclusory statement that FSP is not an appropriate correctional institution for seriously mentally ill inmates amounts to no more than a "naked assertion," which fails to satisfy the federal pleading standard. See Twombly, 550 U.S. at 570. Nevertheless, accepting as true that the mental health services at FSP are not effective for Plaintiff, such facts do not establish an Eighth Amendment violation. Plaintiff does not allege facts showing the conditions he endures are so extreme that they pose a risk of serious damage to his health or that Defendants disregarded a known risk of serious harm to him. On the contrary,

6

Plaintiff's grievance records show Defendants responded to his concerns about mental health services. See generally Compl. Ex.

Even more, Plaintiff does not allege Defendants have denied him necessary treatment. In fact, the grievance records Plaintiff offers show he was offered "weekly group therapy, monthly case management/individual therapy, weekly mental health rounds and psychiatric services as prescribed." Id. at 5 (capitalization omitted). Defendant Espino noted on February 6, 2020, that Plaintiff "continue[d] to refuse the services offered." Id. Additionally, Plaintiff was referred to the "STU,"[2] for which he was on the waiting list, and he was assigned a mental health counselor, though he was unhappy with her qualifications. Id. at 1, 5.

Plaintiff's allegations show he merely disagrees or is dissatisfied with the treatment he receives or the manner in which he receives it. While prisoners are entitled to healthcare, they are not constitutionally guaranteed "perfect, the best obtainable, or even very good" healthcare. See Hoffer v. Sec'y, Fla. Dep't of Corr., -- F.3d --, No. 19-11921, 2020 WL 5105013, at *5 (11th Cir. Aug. 31, 2020) (quoting Harris, 941 F.2d at 1510 (noting mental health care for prisoners need not be perfect or the best)). It

---

[2] It is unclear what "STU" stands for, though it appears to be a mental health program or unit to which Plaintiff has requested he be assigned or transferred.

7

appears what Plaintiff seeks is that which the Eighth Amendment does not guarantee—the best obtainable treatment for his mental health needs.

Even if the care Plaintiff receives can be described as constitutionally inadequate, Plaintiff asserts no facts connecting the alleged constitutional violation to conduct by Defendants. Rather, it appears he names these Defendants solely because of the positions they hold as supervisors or grievance responders. Under § 1983, neither theory is plausible. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted).

"The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. (alteration in original). Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff asserts no facts showing the requisite causal connection upon which to premise liability against Defendants in their roles as supervisors. For instance, he does not allege Defendants personally participated in alleged unconstitutional conduct, were aware of a history of "abuse" toward inmates with mental illness (related to healthcare), or adopted a policy of providing mentally ill inmates with constitutionally inadequate treatment. Plaintiff's assertion that Defendants violated provisions of the FAC or state statutes, even if true, does not demonstrate "personal participation" because such conduct, standing alone, is not a constitutional violation.

To the extent Plaintiff is dissatisfied with Defendants' responses to his grievances, he fails to state a plausible claim. A supervisor's denial of a grievance is insufficient to establish liability under § 1983 absent allegations that the supervisor personally participated in the purported "unconstitutional conduct brought to light by the grievance." Williams v. Adkinson, No. 3:17CV184/LAC/EMT, 2020 WL 982007, at *5 (N.D. Fla. Feb. 7, 2020), report and recommendation adopted, No. 3:17CV184/LAC/EMT, 2020 WL 980144 (N.D. Fla. Feb. 28, 2020), appeal dismissed sub nom. Williams v. Sheppard, No. 20-10998-C, 2020 WL 5536689 (11th Cir. July 14, 2020). See also Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (same).

Even if Plaintiff had stated a plausible claim for relief against Defendants, he would not be entitled to the relief he seeks. To the extent he alleges Defendants' conduct caused him to suffer mental or emotional trauma, he would not be entitled to recover compensatory or punitive damages. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.").

Additionally, district courts generally will not interfere in matters of prison administration, including decisions regarding an inmate's custody status or location. See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another.").

For the above reasons, Plaintiff's complaint is subject to dismissal for his failure to state a plausible claim for relief against Defendants. To the extent Plaintiff intends to pursue an excessive force claim for the alleged beating on February 1, 2019,

he may initiate a new case by filing a new civil rights complaint against the appropriate individual.[3]

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Daryl Cortez Black

---

[3] If Plaintiff intends to pursue such a claim, he should keep in mind the applicable statute of limitations and the PLRA's exhaustion requirements.